MEMORANDUM *
Robertson argues that his Sixth Amendment right to a jury trial was violated in that the jury did not decide whether he acted with malice. Robertson’s appeal questions the elements of second degree felony murder. Under California law, malice is not an element of second degree felony murder. People v. Robertson, 34 Cal.4th 156, 165, 17 Cal.Rptr.3d 604, 95 P.3d 872 (2004). A petitioner may not “transform a state-law issue into a federal one merely by asserting a violation of due process.” Langford v. Day, 110 F.3d 1380, 1389 (9th Cir.1996). The appeal raises solely a state law issue.
Robertson also argues that the California Supreme Court, in its ruling, unforeseeably and retroactively expanded the second degree felony-murder merger rule. “An unforeseeable judicial enlargement of a criminal statute, applied retroactively, violates the [Fourteenth Amendment] right to fair warning of what constitutes criminal conduct.” Clark v. Brown, 442 F.3d 708, 721 (9th Cir.2006). To demonstrate a Fourteenth Amendment violation, Robertson must show that the California Supreme Court’s holding was unforesee *959 able because it was “unexpected and indefensible by reference to” the state Supreme Court’s discussion of second degree felony murder in the most recent relevant case on the topic, People v. Hansen, 9 Cal.4th 300, 36 Cal.Rptr.2d 609, 885 P.2d 1022 (1995). Rogers v. Tennessee, 532 U.S. 451, 457, 121 S.Ct. 1693, 149 L.Ed.2d 697 (2001). Robertson failed to carry this burden.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.